PER CURIAM:
Claimant brought this action for reimbursement for the cost of medical treatment provided to an inmate in the custody of Mt. Olive Correctional Complex, a facility of the respondent. The invoice for the services provided to respondent was not processed for payment in the appropriate fiscal year; therefore, the claimant has not been paid. This claim came on for hearing before the Court on January 29,2004, at which time the parties agreed that the transcript in the claim of West Virginia University Hospitals, Inc., v. Division of Corrections, Claim No. CC-03-190, would be considered by the Court in the instant claim for the purpose of addressing an issue before this Court of first impression. Counsel for claimant in the transcribed claim is Dan Greer. He produced his witnesses, *163 the respondent produced its witnesses, and the parties agreed that a complete record had been made such that the Court could consider the instant claim in the place and stead of the aforementioned claim by West Virginia University Hospitals, Inc.
The respondent State agency denies liability in this claim because it asserts that Correctional Medical Services (hereinafter referred to as CMS), a medical management firm under contract with respondent, had paid claimant for the medical services which are the subject matter of this claim based upon the national average of the usual and customaiy charges. Respondent’s position is that any amount paid for medical services above and beyond the usual and customaiy charges should not be an obligation of respondent and should not be considered a moral obligation of the State. In addition to this position, respondent asserts that it would have denied this claim as an over expenditure claim even if the assertion of the usual and customary charges was not at issue.
Claimant asserts that it provided medical services to an inmate during the 2001 fiscal year for which it was not paid in full. Partial payment was made by CMS; however, CMS had not negotiated any rates for reimbursement by contract with the claimant or other similarly situated medical providers. Thus, claimant alleges that the usual and customary charges standard should not have been an issue when it provided the medical services which are the subject matter in this claim, because it did not know that CMS was going to apply the usual and customary charges principle as a basis for reducing its charges. Since claimant did not include this aspect of its medical charges in the rate setting procedure before the West Virginia Health Care Authority[3], it contends that it is being required to subsidize the cost of medical care for inmates.
Felice Anthony Ruggiero, regional manager for the State of West Virginia for CMS, testified that CMS is a private provider of medical care for inmates and its contract with respondent is for the management of the operations of medical units in the seven correctional facilities under the auspices of respondent. In fact, CMS is a private provider of medical care for inmates for corrections departments in many states throughout the United States. As such, it manages and provides medical care to inmates for the states, and more particularly in the instant claim, for the respondent herein. He explained that CMS provides managed medical care, pharmacy services, hiring of medical personnel, and record keeping. It also provides outside medical care by contracting with hospital and individual medical providers which agree to treat inmates in the custody of the respondent. Providers are paid up to a maximum of $5,000.00 per inmate per illness per year. Payments are made based upon the usual and customary charges calculated by using fees charged throughout the United States. The medical provider then submits a bill for the amount over $5,000.00 to respondent for it to reimburse the provider for the amount in excess of $5,000.00. However, CMS reviews the charges on behalf of the respondent which are in excess of $5,000.00 to ascertain whether the treatment and the charges are appropriate for the particular medical treatment provided the patient inmate. In practice, CMS pays the amount over $5,000.00 that it determines is within the usual and customary charges and it is reimbursed by respondent. When a medical provider is not paid the full amount of its charges by CMS, general procedure has been that *164 respondent will pay the provider the full amount requested for its services through an invoice submitted to respondent. In the instant claim, the respondent has taken a different position with respect to the charges by denying the invoice on the basis that the amount requested is above and beyond the usual and customary charges.
Respondent’s Director of Administration, Nancy Leonoro Swecker, testified that the claimant herein has charged above the usual and customary charges for the medical services provided and the State of West Virginia should not have to pay and satisfy such charges as a moral obligation of the State. She acknowledged that the claimant medical provider was not aware that it would be held to a different standard since respondent has never taken this position with respect to claims filed in the Court of Claims. This would not affect respondent’s budget in any way but would save the taxpayers in the State since the claims are paid through the Legislative process by this Court. However, she also stated that the medical provider herein was not aware prior to the time that it provided medical services to the inmate that respondent was going to take the position that the payment would be based upon the usual and customary charges after the invoice for services was tendered for payment
This Court now has this claim before it as a legal issue which is one of first impression, i.e., should the respondent be required to pay and satisfy medical charges alleged to be more than the usual and customary charges for the medical services rendered? There is the additional issue to be considered in that the medical provider was not informed that it would be held to the usual and customary charges prior to rendering the medical services which are the subject matter of this claim.
The Court, having reviewed the record in this claim, finds that the usual and customary charges standard is an appropriate standard for determining the medical costs incurred by respondent for the medical treatment and care of inmates incarcerated in its facilities. However, the Court finds further that respondent or any State agency in like position is under a duty to so advise medical providers in a timely manner prior to the medical services being rendered by the medical provider for inmate(s) if respondent intends to apply the usual and customary charges standard.. The Court is of the opinion that this is an equitable resolution of the present claim. It affords the medical providers notice of a different standard, i.e., the usual and customary chargers standard, for determining the appropriate cost for medical treatment to be charged to respondent and calculated by CMS, and it affords medical providers the opportunity to include this standard in its rate setting proposal before the West Virginia Health Care Authority. In the instant claim, the medical provider did not have the knowledge that a different standard for medical charges would be applied and any other finding would be inconsistent with prevailing contract law. The contract for medical services begins with the acceptance of the inmate as a patient, and it appears to the Court that the rates at the time are the agreed rates for the cost of medical treatment of the inmate rather than some arbitrary standard being applied after the fact. Therefore, the Court has determined that claimant may make a recovery in this claim.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of $89.87.
Award of $89.87.
The Honorable Benjamin Hays Webb, II, took part in the hearing of this claim but not in the decision of the claim. The Honorable Robert B. Sayre, Interim Judge, and the Honorable George F. Fordham, Jr., Interim Judge, reviewed the transcript and took part in the decision of the claim with the Honorable Franklin L. Gritt, Jr., Presiding *165 Judge.

 The West Virginia Health Care Authority has the responsibility for reviewing proposed per visit rates depending upon inpatient or out patient services for medical facilities throughout West Virginia.